UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUPREME JUDICIAL COURT,<br><br>Defendant. | )<br>)<br>)<br>)  Civil Action No.<br>)  16-10218-IT<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

**TALWANI, D.J.**

On February 5, 2016, the clerk's office received correspondence from Steven Gonzalez ("Gonzalez"), an inmate at MCI Concord. Although the envelope was addressed to the clerk of this court, the letter in the envelope was addressed to the Massachusetts Supreme Judicial Court ("SJC"). The clerk's office docketed the letter [#1] and assigned the matter Civil Action No. 16-10218-IT. On February 12, 2016, the court concluded that Gonzalez intended to file his letter with the SJC and dismissed the action without prejudice. *See* Order [#2].

Now before the court is Gonzalez' Motion for Relief from Judgment [#6] seeking to reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "[A] motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Reconsideration may be granted in the case of : (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. *Id.*

Here, Gonzalez moves for relief two months after this action was dismissed without prejudice. He explains that he mistakenly sent the wrong documents to the federal court for filing and now seeks to file the correct document: his petition for writ of habeas corpus. The Court finds that Gonzalez mistakenly enclosed the letter addressed to the SJC rather than his habeas petition in the envelope mailed to the federal district court. This mistake justifies relief from judgment. The court will treat the habeas petition submitted with Gonzalez' motion as if it was filed on February 5, 2016.

Finally, Gonzalez has not submitted a filing fee or moved for leave to proceed *in forma pauperis*. A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.

Accordingly, it is hereby ORDERED that Gonzalez' Motion for Relief from Judgment is ALLOWED. The Clerk of Court is directed to reopen the case, to enter the habeas petition on the docket and to correct the case caption. Gonzalez shall, within 21 days of the date of this Order, either (1) pay the $5.00 filing fee; or (2) file a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure of petitioner to comply

with this directive may result in the dismissal of this action without prejudice.

**So ordered.**

                                                      /s/ Indira Talwani
                                                     Indira Talwani
                                                     United States District Judge

Dated: May 19, 2016